IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES PATRICK JOSEPH LALLY                                        PLAINTIFF

v.                        Civil No. 5:20-cv-05093

JOHN DOE, Employee of Washington
County; CORPORAL TOM MULVANEY,
Washington County Detention Center ("WCDC");
NURSE CHUCK DOMIGUEZ, WCDC; MAINTENANCE
SUPERVISOR MAJOR KORY WEATHERS,
WCDC; and MAJOR RANDALL DENZER                                    DEFENDANTS

## **OPINION AND ORDER**

This is a civil rights action filed by Plaintiff James Lally ("Lally") pursuant to 42 U.S.C. §
1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for
preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").
Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a
prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.  BACKGROUND

At all times relevant to this case, Lally was incarcerated in the Washington County
Detention Center ("WCDC"). After having been given multiple opportunities to amend his
complaint, as well as directing the WCDC to provide Lally with information he believed he needed
to name the responsible individuals as defendants, the case is before the Court on Lally's Fourth
Amended Complaint (ECF No. 29).

1

Lally's Fourth Amended Complaint (ECF No. 29) indicates his claims are denial of medical care and inhumane living conditions from December 28, 2019, to January 14, 2020. Lally names as Defendants Corporal Tom Mulvaney, Nurse Chuck Dominguez, Major Kory Weathers, and Major Randall Denzer.  When asked to describe his claim, Lally states:  "sick from black mold on the walls of my cell and sleeping in a unhuman conditions next to a leaking toilet, sleeping on the floor."  He sues the Defendants in both their official and individual capacities.

## II.  APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

2

### III.   DISCUSSION

An official capacity claim is considered a claim against the employing governmental entity, here, Washington County.  *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012). "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise."  *Corwin v. City of Independence, Mo.,* 829 F.3d 695, 699 (8th Cir. 2016)(citations omitted).   Lally's complaint contains no such allegations.   The official capacity claims are subject to dismissal.

### IV.   CONCLUSION

For the reasons stated above, Lally fails to state an official capacity claim.   28 U.S.C. § 1915A(b).   All claims against Defendants in their official capacities are dismissed.

The Fourth Amended Complaint will be served on the Defendants in their individual capacities.

**IT IS SO ORDERED** this 15th day of December 2020.


*/s/ P. K. Holmes III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE

3